**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 121462

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Esther Horowitz, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| C.Tech Collections, Inc., | |
| Defendant. | |

Esther Horowitz, individually and on behalf of all others similarly situated (collectively "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against C.Tech Collections, Inc. (collectively "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Esther Horowitz is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant C.Tech Collections, Inc., is a New York Corporation with a principal place of business in Suffolk County, New York.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

9.      Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

10.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

11.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

12.     As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012).  Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant.  *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

13.     Instead, "the test is how the least sophisticated consumer—one not having the

2

astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

14.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

15.     The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).  A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## FACTUAL ALLEGATIONS

16.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

17.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18.     The principal purpose of Defendant's business is the collection of such debts.

19.     Defendant uses the mails in its debt collection business.

20.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21.     Defendant alleges Plaintiff owes a debt ("the alleged Debt").

22.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23.     The alleged Debt does not arise from any business enterprise of Plaintiff.

24.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

26.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

27.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letters including the letter dated January 20, 2020. (the "Letter") (A true and accurate copy is annexed hereto as Exhibit 1).

28.     The Letter conveyed information regarding the alleged Debt.

29.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.     The Letter was received and read by Plaintiff.

31.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

32.     Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

33.     Plaintiff's injury is directly traceable to Defendant's conduct, because Defendant sent the Letter.

34.     A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

35.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

36.     Plaintiff has been misled by Defendant's actions.

37.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

38.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause her unwarranted economic harm.

39.     As a result of Defendant's conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

40.     As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

41.     Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

42.     The alleged Debt, to the extent it exists at all, is related to personal medical services rendered to Plaintiff.

43.     Plaintiff is enrolled in Medicare.

44.     Other than for co-pays, Medicare patients may not be balance-billed.

45.     The alleged Debt is not a co-pay, but rather represents unlawful balance billing.

46.     By sending a collection letter to Plaintiff to collect on the alleged Debt, Defendant misrepresented the status of the debt as collectible, when it was not.

47.     As such, Defendant violated Sections 1692e and 1692f of the FDCPA.

48.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692f and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

49.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

50.     Plaintiff seeks to certify the following class:

51.     All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which Letter was sent on or after a date one year prior to the filing of this action to the present.

52.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

53.     The Class consists of more than thirty-five persons.

54.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

55.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the

Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

56.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

57.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a.   Certifying this action as a class action; and

b.   Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c.   Finding Defendant's actions violate the FDCPA; and

d.   Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

e.   Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

f.   Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: January 18, 2021

**BARSHAY SANDERS, PLLC**

By: */s Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email: csanders@barshaysanders.com
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 121462



7